FRUGÉ, Judge.
Sanders Reed and Grade Reed, husband and wife, bring this suit against Sacred Hope Service Insurance Company, Inc., and Mrs. Doretha A. Combre, doing business as Combre Funeral Home.
The facts reveal that plaintiffs are the father and mother of Jeanette Reed and Frank Reed, two minor children, who were killed or drowned as a result of Hurricane Audrey on June 27, 1957. Plaintiffs allege that the two children, together with their grandfather, were brought to the Gilmore Funeral Home in Lake Charles, Louisiana after their death and that he and his said wife requested of Doretha A. Combre, doing business as Combre Funeral Home, to arrange to pick up the bodies at the Gilmore Funeral Home and to handle the funeral arrangements. They further allege that the Combre Funeral Home neglected to and refused to furnish any funeral services for the two minor children and that the body of their minor child, Jeanette Reed, disappeared, either having been buried with someone else or buried as an unknown. They further allege that it was necessary that they seek the services of another funeral home and that Frank Reed was buried with his grandfather in the same casket.
The evidence reveals that Sacred Hope Service Insurance Company sold a policy of insurance covering certain burial features which was in full force and effect on June 27, 1957 and which covered Jeanette Reed and Frank Reed. In the insurance policy, which was introduced in the evidence, each policy had a face value of $150 and the services were to be conducted by the official funeral director designated by the insurer which, in this case, was the defendant, Combre Funeral Home. Plaintiffs were the beneficiaries under this policy.
The Trial Judge, after hearing the case on the merits, rendered judgment in favor of defendants and plaintiffs have perfected this appeal.
Plaintiffs, Sanders Reed, and his wife, Gracie Reed, testified that Sanders Reed identified his two children and his father at the Gilmore Funeral Home and that Sanders Reed requested of the Combre Funeral Home to pick up his two children and make the proper funeral arrangements. He testified that he notified them at least three times and that they failed to do so. Thereafter, the body of his child, Jeanette Reed, disappeared and it was necessary that he bury his other child with the grandfather of the child in the same casket’.
Counsel for plaintiff argues that this is a case in contract and that the defendant did not furnish what it obligated itself to do in its contract of insurance and, accordingly, is liable in damages to the plaintiffs. He strenuously argues that under the policy Sacred Hope Service Insurance Company was to furnish a funeral in accordance with the provisions of the policy which were, in the main, to furnish a casket, outside case, preparation of remains, use of funeral coach, use of a family room and funeral parlor, necessary cemetery equip *240 ment, care of flowers, burial permits and the handling- of all other details in connection with a funeral service, and inasmuch as they notified the Combre Funeral Home, who they allege is an agent of the insurance company, they are liable in damages for breach of contract.
Mr. T. A. Combre, the manager of the Combre Funeral Home, testified that the plaintiff, Sanders Reed, alone, talked with him in reference to the bodies. He testified that Sanders Reed asked him to help him find his little girl at the Gilmore Funeral Home and that he went to the Gilmore Funeral Home looking for the little girl but no one pointed out the girl to him and the girl was not identified by Sanders Reed or anyone to him.
Mr. Elias H. Walker, an employee of the Combre Funeral Home, testified that he saw Sanders Reed and his wife, Gracie Reed, once at the Gilmore Funeral Home and that he talked to Mr. Reed. He stated that Mr. Reed was disturbed because the body of his daughter could not be found and that he attempted to find the little girl’s body with Mr. Gilmore but could not find or identify the body and that Mr. and Mrs. Reed did not ask him to bury the little boy or girl. He further testified that there were many bodies located both at the Gilmore Funeral Home and at the Combre Funeral Home; that these bodies were brought in approximately two days after Hurricane Audrey and were in a decomposed state; that it was very difficult to identify most of the bodies and, that they had mass burials, as authorized and directed by the Sheriff and other people in charge after this great disaster.
Mr. Shields Gilmore, the owner of the Gilmore Funeral Home, testified that during the time in question they had hundreds of bodies brought to his funeral home. He testified- that these bodies were placed in sheds and were staked out for identification and treatment for preserving them. He testified that the disaster had occurred on June 27th and it was some days later before the bodies were brought in. He testified further that most of the bodies had changed color, probably due to the salt water and the sun, and it was very difficult to identify the bodies unless there was specific identification, such as rings, etc. He further testified that he buried Frank Reed, the grandfather and Frank Reed, the infant grandson (Father and Son, respectively of plaintiff, Sanders Reed) together in the same coffin and that he did so at the request of Sanders Reed. He testified that Sanders Reed did not complain nor state to him that Combre Funeral Home had refused or neglected to bury the body, lie stated that when he buried the child with its grandfather, he checked with the Combre Funeral Home after the request of Sanders Reed to be sure that it was all right with them. He further testified that Sanders Reed told him that he had identified the body of his daughter but that when they went for the body it could not be found.
The record in this case also reveals that the two plaintiffs had also filed another suit against the Sacred Hope Service Insurance Company, Inc. for the value of the policies, namely, the $150 on each child, and that same had been settled in full and a release given by the said Sanders Reed and his wife to the insurance company.
We are of the same, opinion as the trial judge who heard the case. We certainly do not feel that the defendants in this case failed in their obligations under the policy of insurance issued to the plaintiffs, but, to the contrary, the evidence reveals that the owner and employees of the Combre Funeral Home cooperated in every respect with Sanders Reed in attempting to find the body of his daughter. With reference to plaintiffs’ son, the evidence reveals that the plaintiffs themselves requested that Gilmore Funeral Home conduct the funeral services and that Gilmore Funeral Home contacted Combre Funeral Home, for their approval of' Sanders- Reed’s *241 wishes. The trial judge, while he did not give written reasons for his judgment, seems to have believed the defendants’ witnesses and, taking into consideration the disaster of Hurricane Audrey, the confusion present, and the condition of the bodies, we feel that certainly the defendants in no way refused or failed to meet its obligations.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.